LA SUCN. DE DON JUAN FRANCISCO TIRADO, ETC., demandantes y recurrentes, *v.* SUPREME BROADCASTING CO., INC., demandada y recurrida.

*Número:* R-68-97     *Resuelto:* 1ro. de abril de 1970

*Celedonio Medín Lozada,* abogado de los recurrentes; *José Sabater,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

La Sucn. de Don Juan Francisco Tirado y de Doña Marta Saltares, compuesta por María, Salustiano, Gil y Cleofe Tirado Saltares, interpuso demanda en la Sala de Mayagüez del Tribunal Superior contra Supreme Broadcasting Co., Inc., y se alegó:

(1) Que los demandantes son dueños por herencia de sus padres de una finca rústica descrita como parcela de terreno con un área de 15 céntimos de cuerda que colinda por el Norte, Este y Oeste con terrenos de la demandada Supreme Broadcasting Co., Inc., y por el Sur con terrenos de Rosendo Quiñones: (2) que la adquirieron por compra en el año 1919 mediante escritura pública que se destruyó; (3) que desde 1919 sus padres y luego ellos han poseído la finca a título de dueños quieta, pácifica y públicamente sin interrupción alguna por un período de 47 años; (4) que la demandada sostiene ser dueña de una finca de 3 cuerdas y un cuadro, inscrita al folio 160 del Tomo 441 de Mayagüez, finca 12,678, inscripción 1ra. de dominio y tal como se describió esta finca de la demandada y quedó inscrita, abarca dentro de sus

linderos el área de 15 céntimos de cuerda propiedad de los demandantes y; (5) que la demandada pretende ser dueña de esta finca de 15 céntimos conforme a la descripción contenida en la inscripción primera de dominio ya mencionada. Se pidió sentencia que declarara nula la inscripción en el Registro de la finca a favor de la demandada y de los anteriores dueños de quien la demandada hubo, y decretara que la parcela de 15 céntimos de cuerda anteriormente descrita era de la exclusiva pertenencia y dominio de los demandantes.

En la vista del caso en los méritos, los demandantes practicaron prueba documental y oral. La parte demandada no practicó prueba oral. De la transcripción taquigráfica de dicha prueba surgen los siguientes hechos no controvertidos ni impugnados:

El demandante Salustiano Tirado Saltares declaró que en 1919 su padre compró la parcela de 15 céntimos de cuerda en el Bo. Algarrobo de Mayagüez en la cual había una casita; que al presente esa parcela colindaba por el Norte, Este y Oeste con la propiedad de la demandada Supreme Broadcasting Co., Inc., y al Sur con Rosendo Quiñones; que 24 años antes, al morir su padre, colindaba por el Norte con Domingo Franqui, por el Oeste con Balbina Alers, por el Este con Luis Heyliger y por el Sur con María Pacheco. Su padre adquirió la propiedad en virtud de escritura pública otorgada ante el Notario Don Mariano Riera Palmer, documento éste que se destruyó durante el ciclón de San Felipe, y también se destruyó el original por fuego en la oficina del Notario. Desde 1919 sus padres primero, y luego los demandantes, han estado en posesión de dicha finca quieta, pública y pacíficamente, sin interrupción, sin que en momento alguno nadie absolutamente les hubiera reclamado en contrario hasta que la demandada ahora les reclama que eso es suyo. Declaró que la finca siempre ha estado cercada desde que se compró.

Contrainterrogado por la parte demandada declaró que tenía 78 años de edad, que desde el 1919 la casa fue ocupada

por su padre y su hermana María Tirado, quien la vive desde 1919; se destruyó en 1928 con el ciclón y fue edificada de nuevo. Estuvo en su poder la escritura de adquisición antes de que la misma se destruyera.

Sigue en el récord la declaración de Felícita Santana, segundo testigo de los demandantes. Dijo tener 81 años de edad y haber sido maestra de escuela; conoció al padre de los demandantes; declaró haberle vendido en 1919 a éste la parcela de 15 céntimos de cuerda con su casa en el Bo. Algarrobo, casa en que todavía vive Doña María; que en esa época el predio colindaba con su suegra Balbina Rodríguez; por otro lado con la carretera y Juana Rodríguez; por otro con los Heyliger y con una tal María Pacheco. Afirmó que hizo la venta mediante escritura pública ante el Notario Don Mariano Riera Palmer. No fue contrainterrogada.

El *Exh. 1* de la parte demandante es el Expediente de Dominio CS-58-871 promovido en la Sala de Mayagüez del Tribunal Superior por Juan Domingo Franqui Torres y Carmelo Franqui Torres como peticionarios. Conforme a este expediente, la Sala de Mayagüez dictó Resolución en 19 de septiembre de 1958, que produjo la primera inscripción en el Registro, declarando el dominio a favor de dichos peticionarios de una finca que fue descrita así:

RÚSTICA: De 3 cuerdas y un cuadro de terreno, sita en el Barrio Algarrobo, colindando antes, por el Norte, con Don Hermógenes Vargas, más tarde con Doña Balbina Alers y hoy con Don Rafael Ramírez de Arellano; por el Oeste, antes con Don Hermógenes Vargas, más tarde con Doña Balbina Alers y hoy con Don Rafael Ramírez de Arellano; por el Sur, con la señora viuda de Heyliger antes y hoy con el señor Rosendo Quiñones; y por el Este con la carretera que de Mayagüez conduce al pueblo de Añasco y con Carmen Segarra antes, hoy Eduardo Serrano. La finca contiene una casa de dos plantas, altos de madera y bajos de madera y concreto, techada de zinc, y otra casita de madera techada de zinc en forma de chalet, casitas éstas construidas por los anteriores dueños.

La anterior resolución decretando el dominio está fechada 19 de septiembre de 1958, y la finca así descrita se inscribió en el Registro de la Propiedad al folio 160 del Tomo 441 de Mayagüez, finca #12,678, inscripción 1a. a favor de José Domingo y Carmelo Franqui Torres.

El próximo testigo de los demandantes fue José Domingo Franqui Torres, uno de los peticionarios a favor de quienes se declaró el dominio antes promovido de la descrita finca de 3 cuerdas y un cuadro. Declaró el testigo ser el peticionario en dicho Expediente de Dominio juntamente con su hermano; dijo conocer a los demandantes, y a sus padres; que la demandante María Tirado vive en una parcela de terreno que colinda con la anterior finca que era suya y luego vendió a Samuel Toro, y ahora de la demandada; y con la finca de Rosendo Quiñones; que la parcela en que vive la demandante María Tirado tiene un área aproximada de un cuadro de terreno, está cercada y en ningún momento el testigo había sido dueño de esa propiedad, ni la vendió tampoco a persona alguna. Que ahora sabía el testigo que el Sr. Arellano, quien compró esa propiedad, le estaba reclamando la parte esa como que es parte de la finca que era del testigo. Afirmó no haberle vendido nunca la propiedad de los demandantes a Samuel Toro, persona de quien luego adquirió la demandada.

Aparte de esta reclamación de la demandada, no sabe el testigo que nadie hubiera molestado a los demandantes en el disfrute de esa propiedad. Tampoco sus padres, de quienes él hubo la finca junto a su hermano, reclamaron nunca a los demandantes esa propiedad como suya. Sobre esos hechos el testigo no fue contrainterrogado.

Al no aceptar la demandada que el testimonio de la demandante María Tirado sería corroborativo y acumulativo del de su hermano ya en el récord, ésta declaró: Dijo tener 73 años de edad y efectivamente su testimonio corrobora y reafirma todo lo dicho por los testigos anteriores. Dijo que ella había vivido la propiedad durante 48 años desde que fue

adquirida por sus padres en el año 1919. Reafirmó que su finca aparece cercada con "especones" y una línea de árboles en la colindancia con Franqui. No fue contrainterrogada sobre los hechos en controversia.

Entre la prueba documental hay dos certificaciones que constituyen prueba de ambas partes. En una se hace constar que en la Oficina de Distrito de Tasación de Mayagüez aparecía una propiedad amirallada a nombre de María Tirado Saltares localizada en el Bo. Algarrobo de Mayagüez con el Núm. 29-02-207-085-003-*13*-001, valoradas tierra y casa en $1,330 y exenta del pago de contribuciones. La segunda certificación acredita que en el mismo Distrito de Tasación aparece una propiedad amirallada a nombre de Supreme Broadcasting Co., Inc., en el Bo. Algarrobo de Mayagüez, tasada en $6,930, tierra y estructuras, con el Núm. 29-02-207-000-008-*83*-001.

Del *Exh. 6* de los demandantes, que es un mapa de tasación, aparece efectivamente la parcela *13* tasada a nombre de la demandante María Tirado Saltares en colindancia con la Núm. *83* de la demandada. Cinco casitas amiralladas dentro de la parcela de la demandada, no incluyen la casa de la demandante. Se hace en el récord mención a un pleito de accesión interpuesto por la demandada en el Tribunal de Distrito contra los demandantes, sobre esta propiedad.

Con esa prueba en el récord la Sala sentenciadora declaró sin lugar la demanda. Se expresó así:

"La prueba de la parte demandante ha sido imprecisa e insuficiente para probar que dentro de la superficie y linderos de la finca de la demandada está enclavada una parcela de terreno perteneciente a dicha parte."

. . . . . . . .

CONCLUSIONES DE DERECHO—No habiendo la parte demandante probado que dentro de la demarcación territorial de la finca de la demandada esté comprendida una porción de terreno de su propiedad, resolvemos que no tiene capacidad y carece de interés y personalidad para atacar la validez de la resolución

de esta Sala de Mayagüez dictada en el caso CS-58-871.

La parte demandante como parte de su 'onus probandi' tenía que establecer cumplidamente la identidad de la finca que alega estaba comprendida dentro del perímetro (de la demarcación o linderos) de la finca de la demandada."

No podemos convenir con el fallo dictado. La prueba indisputable en el récord, que no fue controvertida siquiera a través de contrainterrogatorio, demuestra a satisfacción que la finca de los demandantes, en la cual han estado en posesión durante 48 años como dueños pública, quieta y pacíficamente y sin interrupción y sin que nadie les molestara en dicha posesión hasta que la demandada empezó a reclamar la propiedad como suya, no forma parte del predio de tres cuerdas y un cuadro objeto del expediente de dominio. En esas circunstancias, no sería necesario fallar aquí sobre la nulidad de dicho expediente, ya que los demandantes no intentan reclamar como suyas dichas 3 cuerdas y un cuadro.

Lo anterior no justifica que se declarara sin lugar la demanda. Los demandantes no estaban interesados en probar que su propiedad formaba parte de la propiedad de la demandada, como parece haberlo entendido la Sala sentenciadora. Probaron todo lo contrario.

■ En esas circunstancias, tenían derecho a un fallo declarativo—ante la cuestión litigiosa provocada por las reclamaciones de la demandada al efecto de que la parcela de los demandantes le pertenecía como parte de la finca de 3 cuerdas inscrita en dominio a favor de un anterior dueño— decretando que ellos son dueños de dicha parcela de 15 céntimos y su casa, ante la prueba incontrovertida en el récord, lo mismo en virtud del título escriturario de compraventa de 1919, como en virtud de un título por razón de prescripción adquisitiva, extraordinaria, la cual quedó satisfactoriamente probada.

■ Bajo las Reglas 6.5 (b) y 10.2 (b) [*sic*] de Procedimiento Civil de 1958, un litigante tiene derecho a un fallo que

sea conforme a derecho bajo cualquier estado de hechos que haya probado y que sostengan el derecho aplicable. *Cf. Reyes v. Sucn. Sánchez Soto*, 98 D.P.R. 305, res. en 30 de enero de 1970 y casos ahí citados.

Por los fundamentos expuestos se revocará la sentencia recurrida, y se dictará otra decretando que los demandantes recurrentes son dueños en dominio de la parcela de 15 céntimos y su casa, según descritas en la demanda. Se impondrán las costas del procedimiento a la parte demandada y las de apelación conforme a la Regla 44.4 (c) de Procedimiento Civil, más $800 de honorarios de abogado ante el Tribunal de Primera Instancia.

El Juez Presidente Señor Negrón Fernández, y el Juez Asociado Señor Rigau no intervinieron.